UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE GAVITT, on behalf of himself and all others similarly situated and on behalf of the general public,<br><br>Plaintiff,<br><br>v.<br><br>METROPOLITAN LIFE INSURANCE COMPANY,<br><br>Defendant. | Case No.: 3:19-cv-1516-CAB-AHG<br><br>**ORDER DENYING JOINT MOTION TO RESCHEDULE EARLY NEUTRAL EVALUATION CONFERENCE**<br><br>**[ECF No. 20]** |

This matter comes before the Court on the parties' Joint Motion to Reschedule the Early Neutral Evaluation Conference ("ENE") (ECF No. 20), currently scheduled for March 4, 2020. The parties request that the ENE be rescheduled for April 1, 2020, "or the soonest date thereafter that is convenient for the parties and the Court." ECF No. 20 at 3.

Parties seeking to continue an ENE must demonstrate good cause. ECF No. 14 at 4 ("An ENE may be rescheduled only upon a showing of good cause"); Chmb.R. at 2 (stating that any request for continuance requires "[a] showing of good cause for the request"); *see also* Fed. R. Civ. P 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent").

"Good cause" is a non-rigorous standard that has been construed broadly across

procedural and statutory contexts. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). The good cause standard focuses on the diligence of the party seeking to amend the scheduling order and the reasons for seeking modification. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

The parties request that the ENE be continued in light of Defendant's pending Motion for Judgment on the Pleadings (ECF No 19), filed on February 11, 2020. Based on the hearing date of March 17, 2020, Plaintiff's Response to the motion is due on March 3, 2020, and Defendant's Reply is due on March 10, 2020. *See* ECF No. 20 at 2. These dates fall after the dates related to the ENE and Case Management Conference ("CMC"), such as the deadline to file a Joint CMC Statement by February 24, 2020, and the parties believe that continuing the ENE and CMC is necessary "to ensure an adequate and thorough Rule 26(f) report" and to allow for a fruitful ENE. *Id.* at 3. Additionally, the parties would prefer the Motion for Judgment on the Pleadings to be fully briefed before preparing their ENE statements. *Id.*

The Court finds the parties have failed to show good cause for rescheduling the ENE and CMC. As explained in the Court's Order setting the ENE and CMC, Local Rule 16.1(c) requires that an ENE take place within 45 days of the filing of the Answer, and requests to continue ENEs are rarely granted. ECF No. 14 at 3-4. April 1, 2020—the date requested by the parties for the ENE—is 71 days after the Answer. Moreover, the date of April 1, 2020 is not available on the Court's calendar, so resetting the ENE and CMC would cause an even greater delay than the Joint Motion anticipates.

More importantly, the Court requires that a joint motion to continue an ENE include, among other things, "[a] declaration from the counsel seeking the continuance that describes the steps taken to comply with the existing deadlines, and the specific reasons why the deadlines cannot be met." *Id.* at 4. The parties have not provided such a declaration here, nor does the Joint Motion otherwise establish the diligence of the parties in attempting to comply with the existing deadlines, which is an essential part of showing good cause. *See Johnson*, 975 F.2d at 609.

| | |
|---|---|
| 1 | Finally, the parties assert that rescheduling the ENE "will not materially impact |
| 2 | overall case management[.]" ECF No. 20 at 3. The Court disagrees. The Answer in this |
| 3 | case was not filed until January 21, 2020, more than five months after the Complaint was |
| 4 | filed on August 13, 2019. *See* ECF Nos. 1, 12. Therefore, the case has already been |
| 5 | significantly delayed in its early stages, such that the parties will not have much time to |
| 6 | conduct discovery even with the current ENE and CMC date without a relatively late trial |
| 7 | setting. Case management would thus be quite negatively impacted by any further delay. |
| 8 | For these reasons, the Court **DENIES** the Joint Motion to Reschedule Early Neutral |
| 9 | Evaluation Conference (ECF No. 20). |
| 10 | **IT IS SO ORDERED.** |
| 12 | Dated: February 18, 2020 |

_____
Honorable Allison H. Goddard
United States Magistrate Judge